IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

JEANNOT LEKOBA,

 Plaintiff,

v.             Case No.: GJH-16-2627

FRANCIA ANDREAS OBOA-FRANCK,

 Defendant.

## MEMORANDUM OPINION

On July 19, 2016, the Clerk received for filing the above-captioned Complaint from pro se Plaintiff Jeannot Lekoba, a resident of College Park, Maryland. Lekoba sues Francia-Andreas Oboa-Franck, a resident of Frederick, Maryland, seeking this Court's jurisdiction pursuant to 28 U.S.C. § 1332.[1] *See* ECF No. 1. The complaint is accompanied by a motion for leave to proceed *in forma pauperis*. ECF No. 2. Lekoba's indigency motion shall be granted.

In the Complaint, Lekoba states the following:

"Miss Francias Andreas Oboa is accusing me of stealing her credit card and us[ing] it without her permission. Miss Francias handed me her credit card and approved all transaction[s] made. She was fully aware and I have pictures and text messages mentioning that she gave me her card, she even text me pictures of her ID and driver's license for same transaction. Because we are no longer in the relationship she called the bank and told them that I stole her card. The reason why she handed her card to me it was I was going to visit my child and take care of some family issues

---

[1] On the attached civil cover sheet, Lekoba checked off diversity as the jurisdictional basis for her suit, ECF No. 1-1, and indicates in the Complaint that Defendant is a citizen of the Republic of Congo, ECF No. 1 at 6. In addition, on the civil cover sheet, she checked off the "False Claims Act" section under nature of suit.

such as child custody. The amount according to her is about $2,000. I do owe her money, but I did not steal from her. To call the bank lie to them that took her phone sent the pictures to myself etc. I just want justice. Because of these accusation[s] I have lost the little job I was doing as helper in a moving company. My Boss heard about it and told me not to come back.

ECF No. 1 at 7. The relief section of the form complaint has been left blank.

Pursuant to 28 U.S.C. § 1915(e)(2), when *in forma pauperis* status is granted, "the court shall dismiss [a] case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The statute permits district courts to independently assess the merits of *in forma pauperis* complaints, and "to exclude suits that have no arguable basis in law or fact." *See Nasim v. Warden*, 64 F.3d 951, 954 (4th Cir. 1995); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). This screening authority differentiates *in forma pauperis* suits from ordinary civil suits. *Nasim*, 64 F.3d at 953– 54; *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). Although § 1915 refers to filings by prisoners, numerous courts have performed a preliminary screening of non-prisoner complaints pursuant to that statute. *See Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner complaint); *Fogle v. Blake*, 227 Fed. App'x 542 (8th Cir. July 10, 2007) (affirming district court's pre-service dismissal of non-prisoner's § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)); *Sirnik v. U.S. Justice Dep't*, No. PWG-16-956, 2016 WL 2930908, at *1 (D. Md. May 18, 2016) (noting that 28 U.S.C. § 1915(e) authorizes dismissal of complaints filed *in forma*

*pauperis*).

Under § 1915(e)(2)(B)(ii), the court must dismiss a plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a pro se plaintiff's pleadings are liberally construed, the complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955 (2007). This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation and internal quotation marks omitted). Indeed, a plaintiff must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. *Id.*

A court may consider subject matter jurisdiction as part of its initial review of the complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (noting that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). If subject matter jurisdiction is lacking in an action before a court, the case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006); *see also Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court.").

District courts have original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions

arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Under the "well-pleaded complaint rule," federal jurisdiction exists only when a federal question is presented on the face of Plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Global NAPS, Inc.*, 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986)). Indeed:

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id.* (internal citations and quotations omitted).

Lekoba claims that he has been "wrongly" accused of stealing a credit card, in violation of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* The FCA provides a cause of action for fraud committed against the United States. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). Thus, Lekoba fails to assert a cause of action under the FCA sufficient to confer federal question jurisdiction upon this court.

The claim appears grounded in state law. A federal district court does not sit to review every claim related to alleged fraudulent or tortious conduct involving non-federal parties. Instead, it only has authority to review such state-law claims where there is diversity of citizenship between the parties. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when

the parties are citizens of different states and the amount in controversy exceeds $75,000. A party's citizenship is based upon her state of domicile. *See New River Lumber Co. v. Graff*, 889 F.2d 1084 (4th Cir. 1989) (noting that, for diversity purposes, "citizenship is the equivalent of domicile"). When a party seeks to invoke diversity jurisdiction under § 1332, he or she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Kimble v. Rajpal*, 566 F. App'x 261, 263 (4th Cir. 2014).

According to the Complaint, both parties reside in Maryland. ECF No. 1 at 3. Therefore, there is no diversity of citizenship between them and this Court cannot exercise jurisdiction over Plaintiff's claims. Moreover, Lekoba has failed to show that "the matter in controversy exceeds $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. The cause of action arises out of a dispute involving the alleged misuse of a credit card. Lekoba's Complaint does not seek any particular relief and fails to allege facts specific to satisfy the amount in controversy required by 28 U.S.C. § 1332. The case must be dismissed without prejudice for lack of subject matter jurisdiction. A separate Order follows.

Dated: July 28, 2016

GEORGE J. HAZEL
United States District Judge